# Exhibit A

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _19 C 03978 S6_

Date Filed _6/11/2019_

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia,_____COUNTY

Attorney's Address

William L. Sapau
Moody Law Group
2-1 Lakewood FL
Atlanta GA  30310

Name and Address of Party to be Served.

_Big Lots Stores Inc_

_C/o  Corporation Service Company_

_40  Technology Parkway S #300_

_NORCROSS, GA  30046_

Plaintiff: _Lezenia Fernandez_

VS.

Defendant: _Big Lots Stores Inc_

Garnishee

SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

NOTORIOUS

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

CORPORATION

☒ Served the defendant _Big Lots Stores_ a corporation
by leaving a copy of the within action and summons with _Barry  Smith_
in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _11_ day of _June_, 20 _19_.

_____ Dea  Fer  93803
DEPUTY

SHERIFF DOCKET_____ PAGE _____



**null / PERINJ**
**Transmittal Number: 19930602**
**Date Processed: 06/11/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ronald A. Robins Jr.<br>Big Lots, Inc.<br>4900 E Dublin Granville Rd<br>Westerville, OH 43081-9721 |
| **Electronic copy provided to:** | Kim Thacker<br>Shelly Duncan<br>David Campbell<br>Amber Dove<br>Tara Charnes |

| | |
|---|---|
| **Entity:** | Big Lots Stores, Inc.<br>Entity ID Number 1700639 |
| **Entity Served:** | Big Lots Stores, Inc. |
| **Title of Action:** | Lizzenia Fernandez vs. Big Lots Stores, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 19-C-03978-S6 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 06/11/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | William T. "Billy" Joyner<br>844-428-4528 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**19-C-03978-S6**
6/5/2019 11:36 AM

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

*Richard T. Alexander Jr.*
CLERK OF STATE COURT

LIZZENIA FERNANDEZ

CIVIL ACTION **19-C-03978-S6**
NUMBER:_____

PLAINTIFF

VS.

BIG LOTS STORES, INC.,_____

JOHN DOE, JANE DOE, ABC Co., and

XYZ CO.

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

William T. "Billy" Joyner
Haug Law Group
8237 Dunwoody Place
Atlanta, Georgia 30350

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___5TH___ day of ___JUNE___, 20_19_.

Richard T. Alexander, Jr.,
Clerk of State Court

By ___Nichole Norton___
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**19-C-03978-S6**
**6/5/2019 11:36 AM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LIZZENIA FERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: **19-C-03978-S6** |
| BIG LOTS STORES, INC., | ) |
| JOHN DOE, JANE DOE, ABC Co., and | ) |
| XYZ CO. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW, LIZZENIA FERNANDEZ (Plaintiff), by and through the undersigned counsel and hereby files this Complaint against BIG LOTS STORES, INC. (Defendant) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendant, Plaintiff's Request of Production to Defendant, and Plaintiff's Request for Admission to Defendant.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff is an individual and resident of Dekalb County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant because Defendant is registered to do business in the state of Georgia.

4.

Venue is proper as to Defendant because Defendant's registered agent is located in Gwinnett County, Georgia.

5.

Defendants registered agent, Corporation Service Company, may be served with a copy of this Complaint and Summons at 40 Technology Parkway South Suite 300, Norcross, Georgia 30046.

## FACTS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

6.

On or about July 1, 2017, the date of her injuries, Plaintiff was an invitee of Defendant in accordance with the provisions of O.C.G.A. § 51-3-1, et seq., at Big Lots #1763 located at 3358 Chamblee Tucker Road, Chamblee, GA 30341 (hereinafter "the premises").

7.

Plaintiff, while a lawful invitee on the premises, slipped on a liquid substance on the floor, causing her to fall to the ground and sustain significant bodily injuries.

8.

As a result of the fall, Plaintiff suffered serious bodily injuries, requiring subsequent medical treatment.

## COUNT I – NEGLIGENCE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

9.

The Defendant failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises and approaches safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

10.

The Defendant was negligent in failing to keep the premises safe and in repair, as required by law. As the direct and proximate result of Defendant's negligence in failing to keep the premises safe, Plaintiff slipped on liquid on the floor, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

11.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendants' negligence.

12.

As a direct and proximate result of the Defendant's negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

13.

As a direct and proximate result of the Defendant's negligence, Plaintiff incurred lost wages in an amount to be proven at trial.

14.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

15.

The Defendant had actual or constructive knowledge of the condition or conditions on the premises which led to the Plaintiff's injuries.

16.

Plaintiff was without fault in causing the aforementioned incident.

**WHEREFORE**, the Plaintiff prays:

1.    That Defendant be served with summons, process and a copy of this Complaint as provided by law;

2.    That Plaintiff obtain judgment against the Defendant for general and special damages as determined at trial as well as costs of litigation and expenses;

3.    That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4.    For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 5th day of June 2019.

HAUG LAW GROUP, LLC

William T. "Billy" Joyner
Georgia Bar No.: 222755
*Attorney for Plaintiff*

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 1-844-428-4528
Fax: 678-528-2999
Email: Wjoyner@hauglawgroup.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**19-C-03978-S6**
**6/5/2019 11:36 AM**

)

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

*Signature* CLERK OF STATE COURT

| | |
|---|---|
| LIZZENIA FERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO: 19-C-03978-S6 |
| BIG LOTS STORES, INC., | ) |
| JOHN DOE, JANE DOE, ABC Co., and | ) |
| XYZ CO. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANT

Pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, and 9-11-36, Plaintiff hereby requests that each named Defendant respond separately in writing and under oath, to the following interrogatories within the time allowed by law to respond to these interrogatories, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at Haug Law Group, 8237 Dunwoody Place, Atlanta, Georgia 30350.

### DEFINITIONS AND INSTRUCTIONS

A.    These interrogatories, requests for production, and requests for admission shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

B.    The following definitions shall apply to this request.

1.    "Document", whether singular or plural, shall mean documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

3. "Incident" means the injury/ies to Plaintiff that occurred when Plaintiff tripped and fell on or about July 1, 2017.

4. "Plaintiff" means Lizzenia Fernandez.

5. "Premises" means Big Lots #1763 located at 3358 Chamblee Tucker Road, Chamblee, GA 30341.

C.     Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

D.     If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified on any particular, please set forth the details of such qualifications.

E.     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any

circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

### INTERROGATORIES

1.

Please identify the person or persons responding to these interrogatories by giving your full name, residence, business address and occupation, and, if Defendant is a corporation, the office you hold with defendant.

2.

Prior to answering these Interrogatories, have you made a diligent search of all books, records, and papers of Defendant, and a diligent inquiry of all agents, other parties, and employees, if any, of Defendant, with a view to obtaining all information available pertaining to this action?

3.

Please state the full legal name of each person or persons, irrespective of their official position or title, who was the owner or owners of the subject premises on the date of the incident which is the basis of this litigation. As to each person identified in your answer to this interrogatory, please identify each person as an individual, corporation, partnership, sole proprietorship, or other.

4.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the

regular occupant of the premises which is the basis of this litigation, please identify the regular occupant of the subject premises on the date of the incident in question.

. 5.

If the person or persons identified in your answer to Interrogatory No. 3 was not also the regular occupant of the subject premises, please identify the instrument under which the regular occupant derived his/her possessory rights (whether by lease, license, rental agreement etc.). Also, state whether such lease, license, rental agreement etc. was in written form.

6.

If said lease, license, rental agreement etc., was written, please state the lease, license, or rental period covered by said agreement.

7.

Please identify each person or persons responsible for the maintenance of the subject premises as of the date of the incident which is the basis of this litigation.

8.

Please state the date that the subject premises where

occurred was originally constructed.

9.

Please describe walkway/entrance to the store on the premises.

10.

Please identify the person who installed said entrance/walkway that is the basis of this litigation.

11.

Please describe the physical condition of the entrance/walkway on the premises on the last occasion that it/they were inspected before the incident.

12.

Please describe the physical condition of the subject entrance/walkway on the premises on the first occasion that it/they were inspected following the incident which is the basis of this litigation.

13.

Please state whether you had any knowledge that any condition existed at the subject premises which could cause the incident.

14.

If your answer to Interrogatory No. 13 was yes, please set forth whether any remedial or corrective action was taken upon the acquisition of that knowledge and the date thereof.

15.

Please state whether you or anyone to your knowledge made any repair or correction to the entrance/walkway located on the premises which is the subject of this litigation.

16.

If your answer to Interrogatory No. 15 was yes, please set forth the nature of the repair or correction and the date thereof.

17.

If your answer to Interrogatory No. 15 was yes, please identify each person who participated in the repair or correction.

18.

Please identify each writing (repair invoice etc.) relating to the repair or correction identified in your response to Interrogatory No. 15 to include the present custodian of each writing identified in your answer.

19.

Please state whether you or anyone on your behalf regularly inspected the premises and entrance/walkway prior to the incident which is the basis of this litigation? If not, please explain in detail why no such inspection/s was conducted.

20.

If your answer to Interrogatory No. 19 was yes, please set forth a general description of what said inspection included. Also, please state the full name of the person or persons who conducted said inspection/s.

21.

Please state whether you transmitted any warning to the Plaintiff in regard to Plaintiff's use of subject premises prior to the incident which is the basis of this litigation and if so, was said warning in writing?

22.

Do you deny that at the time of the subject incident the entrance/walkway which injured the Plaintiff on the premises which is the basis of this litigation was in good repair and free of any foreign liquid on the date of the incident?

23.

Do you contend for any reason that you as an owner/occupier may waive or avoid any of

the rights, or duties relating to the liability of an owner/occupier for failure to maintain said premises that are the basis of this litigation? If so, what do you contend is the basis for said waiver or avoidance?

24.

Do you deny that at the time of the subject incident Plaintiff was a member of the class of persons protected by the provisions relating to owner/occupier liability for failure to keep premises in repair? If so, what is the basis for said denial?

25.

Please identify each expert expected to testify at trial on your behalf and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(I) / Fed. R. Civ. P. 26(b)(4)(A)(I). Please note that this Interrogatory applies to all expert witnesses including all practitioners of the healing arts. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this Interrogatory.

26.

Do you claim that the occurrence in question was in any way caused by the Plaintiff? If so, state the details of what the plaintiff did to cause this incident.

27.

Please state whether you are insured under a policy of insurance for any liability resulting from the incident that is the basis of this litigation. If so, then with respect to each insurer, please provide the following:

(a)     Each insurer's name and address including any and all umbrella carriers;

(b)     Number of the insurance policy;

(c)     Name of the insured party or parties; and

(d)     The limit of liability with respect to each person (claimant) and with respect to each occurrence.

### 28.

Please state whether there exists any controversy between you and any of the insurers issuing any policy identified in your answer to Interrogatory No. 32 regarding whether the policy affords coverage for the incident. If so, please provide the following information:

(a)     Identify the insurer who issued the policy;

(b)     What is the number of the policy;

(c)     Please set forth the factual basis for the controversy regarding coverage;

(d)     Please identify each writing relating to the coverage controversy;

(e)     Please state whether you have been informed by any person that insurance coverage relating to the incident has been denied;

(f)     Please set forth each fact that constituted the basis for the denial of coverage;

(g)     Please identify each writing relating to the denial of coverage; and

(h)     Please identify the present custodian of each writing identified to in your answer to subsection (g) above.

### 29.

Do you, your attorney, insurance carrier or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or

other descriptions concerning the incident alleged in the complaint, the scene of the incident, or the person involved made either before, after or at the time of the incident in question? If so, as to each such item, state:

    (a)    Its specific subject matter;

    (b)    The date it was made or taken;

    (c)    The name and last known address of the person making or taking it: and

    (d)    The name and address of the person having custody of this item.

30.

Please provide the full name and addresses of all persons whom you have rented or leased the premises to since you became the owner or owners of said premises.

31.

Please provide the name of any and all insurance carriers and policy numbers who provided liability coverage for the said premises since you became the owner or owners of the premises.

32.

Please state whether during the period described in response to Interrogatory Nos. 35 and 36, whether you as owner or owners of said premises gave notice written or otherwise to your existing liability carriers that said premises (apartment) was being rented or leased to the party or parties identified in response to Interrogatory No. 35. If so, tell how (written or otherwise) and when such notice was given to said liability carrier.

### REQUESTS FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

All statement(s) a party has given to some person and/or entity including his liability insurance carrier but not statements made to his or her attorney.

2.

All statement(s) of any witness or other participant(s) who has, or may have, claimed knowledge of the incident and/or the damages resulting from it.

3.

All photographs, slides, motion pictures, diagrams, maps, schematics, graphs, models, and other illustrative representations pertaining to the instrumentalities and/or physical objects involved, and the scene of the incident.

4.

All reports made as a result of any inspection, examination, or investigation by Defendant or by any person acting on behalf of Defendant as a result of the incident.

5.

A true and accurate copy of all liability insurance policies which may cover the incident, or any matters alleged in Plaintiff's complaint.

6.

All documents evidencing, reflecting, relating to or constituting an incident report regarding this incident.

7.

Notes, worksheets, test data and reports, correspondence, memorandums, opinions, and conclusions of all expert witnesses who will testify at trial on behalf of Defendant/s.

8.

All documents identified or referred to in Defendant's answers to Plaintiff's Interrogatories.

9.

All communications and complaints made to Defendant with regard to the subject premises, regarding repairs, or requested repairs by all previous lessees including Plaintiff, and any response made by Defendant/s pertaining to said request during the period of January 1, 2005 to the present.

10.

All documentation related to safety inspections of the subject premises conducted by Defendant and/or its agents prior to the date of the incident.

11.

All documents evidencing, reflecting, or relating to any contract for lease, rental etc., between this Defendant/s and any person or persons who leased or rented said premises during the period that Defendant/s owned said premises.

12.

Copies of any documents regarding claims or lawsuits brought against this Defendant which alleges injuries and damages sustained by any person/s on said premises during the period of January 1, 2005 to the present.

13.

Complete copies of all liability insurance applications prepared by Defendant/s and

submitted to all liability carriers for Defendant covering the premises which is the basis of this lawsuit covering the period of January 1, 2002 to the present.

14.

Copies of all policies and procedures, manuals, or rules and regulations for operation of the premises.

15.

Copies of all written complaints or criticisms received by Defendant/s concerning repair or maintenance problems of any type on the premises between January 1, 2005 to the present

16.

Copies of any documents regarding any repairs that were made or needed to be made on the premises during the period January 1, 2005 to the present

17.

Copies of any invoices reflecting cost for repairs conducted on the premises during the period January 1, 2005 through to the present.

18.

Any diagrams, blueprints or architectural plans of the premises.

19.

Copies of any work order or other document reflecting the purchase, repair or installation of the entrance/walkway which is the cause of this action.

20.

Copies of any written notice or notices listing the name and names of all tenants of Defendant/s and provided by Defendant to any and all liability insurers who insured said

premises during the period of January 1, 2005 to the present.

## REQUESTS FOR ADMISSION

1.

You have been properly identified in the Complaint.

2.

You were properly served with the Summons and Complaint for this matter.

3.

Gwinnett County is the proper venue for this matter.

4.

This Court has jurisdiction over you.

5.

On July 1, 2017, you operated a store known as Big Lots #1763 located at 3358 Chamblee Tucker Road, Chamblee, GA 30341.

7.

At the time of the incident involving Plaintiff, you owed Plaintiff a duty to keep the premises in repair and safe for invitees, such as Plaintiff

8.

At the time of the incident, you breached the duty of care you owed to the Plaintiff.

9.

As a result of the incident Plaintiff was injured.

10.

Plaintiff was not negligent in any way related to the incident.

11.

At the time of the incident, Plaintiff exercised due care for her own safety.

12.

Plaintiff incurred medical expenses as a result of the incident leading to this lawsuit.

13.

Plaintiff's treatment following the incident was

reasonable. This 5th day of June 2019.

HAUG LAW GROUP, LLC

William T. "Billy" Joyner
Georgia Bar No.: 222755
*Attorney for Plaintiff*

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 1-844-428-4528
Fax: 678-528-2999
Email: Wjoyner@hauglawgroup.com